# COVINGTON

BEIJING  BRUSSELS  DUBAI  FRANKFURT  JOHANNESBURG
LONDON  LOS ANGELES  NEW YORK  PALO ALTO
SAN FRANCISCO  SEOUL  SHANGHAI  WASHINGTON

Covington & Burling LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001-4956
T  +1 202 662 6000

**Via CM/ECF**                                              June 22, 2020

The Honorable Nelson S. Román
United States Courthouse
Courtroom 218
300 Quarropas Street
White Plains, NY 10601

Re:  *Fore-Heron v. The Price Chopper, Inc.*, No. 19-11224 (NSR)

Dear Judge Román:

Defendant The Price Chopper, Inc. ("Price Chopper") submits this letter pursuant to this Court's Individual Rule 3.A.ii to request a pre-motion conference in anticipation of filing a motion to dismiss Plaintiff Constance Fore-Heron's Class Action Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1) and (6), and to strike the nationwide class claims under Rule 12(f).

## I.      Plaintiff's Complaint.

Plaintiff seeks to represent a nationwide class of consumers, alleging that Price Chopper's vanilla almond milk (the "Product") is improperly labeled on the front of the package as "Vanilla." (Compl. ¶¶ 79-83.)  Plaintiff alleges this is misleading "because the Product does not contain the amount, type and/or percentage of vanilla as a component of its flavoring, which is required by law and consistent with consumer expectations." (*Id.* ¶ 80.)  Plaintiff, however, has not purported even to have determined the amount of vanilla in the Product.  Moreover, Plaintiff acknowledges that the list of ingredients on the Product's package  includes "Natural Vanilla Flavor *With Other Natural Flavors*" (emphasis added), and she does not allege that such phrasing is misleading or fails fully to disclose that the flavoring is not limited to Vanilla. (*Id.* ¶ 44.)  Rather, Plaintiff simply alleges that, "[a]s a result of the false and misleading labeling [on the front of the package], the Product is sold at a premium price." (*Id.* ¶ 83.)  Plaintiff alleges that had she known "the truth," she "would not have bought the Product or would have paid less for it." (*Id.* ¶ 81.)

Plaintiff asserts: (1) violations of New York's General Business Law ("GBL"); (2) breaches of warranties and violations of the Magnuson Moss Warranty Act ("MMWA"); (3) fraud; and (4) unjust enrichment. (Compl. ¶¶ 121-39.)

## II.      Price Chopper's Grounds For Dismissal.

1. Plaintiff lacks standing because she has not suffered a concrete injury. *See Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016).  Plaintiff's theory of injury is that Price Chopper charges a "premium" for its vanilla almond milk.  (Compl. ¶ 83.)  But Price Chopper will provide a

**The Honorable Nelson S. Román**
June 22, 2020
Page 2

declaration showing that it charges the exact same price for its vanilla almond milk as it does for its regular, non-vanilla, almond milk. Absent any premium, Plaintiff cannot demonstrate the concrete injury required for standing. *See, e.g.*, *In re Johnson & Johnson Talcum Powder Prod. Mktg., Sales Practices & Liab. Litig.*, 903 F.3d 278, 288 (3d Cir. 2018) (buyer's remorse is not enough for standing).

Plaintiff also does not have standing to pursue injunctive relief, which requires showing "a real or immediate threat of injury." *Nicosia v. Amazon.com, Inc.*, 834 F.3d 220, 239 (2d Cir. 2016) (internal quotation marks omitted). Plaintiff's allegation that she "would consider purchasing the Product again if there were assurances that the Product's representations were no longer misleading," (Compl. ¶ 112), is a speculative statement that does not establish a real or immediate threat of injury, especially given that Plaintiff by her own allegations now knows the nature of the Product. *See Casey v. Odwalla, Inc.*, 338 F. Supp. 3d 284, 299–300 (S.D.N.Y. 2018) (Román, J.).

2. Plaintiff's claims also fail to state a claim upon which relief can be granted. To state a GBL claim, a plaintiff must show that "defendant has engaged in (1) consumer-oriented conduct that is (2) materially misleading and that (3) plaintiff suffered injury as a result of the allegedly deceptive act or practice." *Orlander v. Staples, Inc.*, 802 F.3d 289, 300 (2d Cir. 2015). *First*, for the same reasons that Plaintiff cannot articulate an Article III injury, she cannot allege injury under the GBL, because Price Chopper does not charge a premium for its vanilla almond milk. *See DaCorta v. AM Retail Grp., Inc.*, 2018 WL 557909, at *3 (S.D.N.Y. Jan. 23, 2018) (Román, J.) ("simply alleging that a plaintiff 'would not have purchased' the product but for the deceptive practices, is, alone insufficient," but actual premium suffices (quoting *Small v. Lorillard Tobacco, Co.*, 94 N.Y.2d 43, 56 (N.Y. 1999))).

*Second*, the purported "misrepresentations" were not materially misleading. A label is not misleading when it contains the ingredient at issue, in particular where, as here, the ingredient is not the primary ingredient of the product. *See Sarr v. BEF Foods, Inc.*, 2020 WL 729883, at *4 (E.D.N.Y. Feb. 13, 2020). Moreover, any purported confusion was cleared up by the ingredient list on the package. *See id*; *Chufen Chen v. Dunkin' Brands, Inc.*, 954 F.3d 492, 501 (2d Cir. 2020) ("there can be no section 349(a) claim when the allegedly deceptive practice was fully disclosed"); *Melendez v. ONE Brands, LLC*, 2020 WL 1283793, at *7 (E.D.N.Y. Mar. 16, 2020) ("any potential ambiguity created by the front label regarding the bars' carbohydrate and caloric contents is readily clarified by the back panel of the bars' packaging, which lists the amount of carbohydrates and calories in each bar"). Likewise, Plaintiff's claims are based entirely on conjecture, as she does not allege the amount of vanilla actually in the Product. *See Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011) ("courts have no obligation to entertain pure speculation and conjecture").

*Third*, to the extent Plaintiff's GBL claims rely on violations of the federal Food, Drug & Cosmetic Act ("FDCA"), they should be dismissed. According to Plaintiff, the "[FDCA's] requirements were established to prevent consumers from being misled." (Compl. ¶ 69.) But any violations of the FDCA must be prosecuted by the United States. *See* 21 U.S.C. § 337(a). Plaintiff cannot privately enforce FDCA violations. *See Verzani v. Costco Wholesale Corp.*,

The Honorable Nelson S. Román
June 22, 2020
Page 3

2010 WL 3911499, at *3 (S.D.N.Y. Sept. 28, 2010) ("The FDCA lacks a private right of action and therefore Verzani cannot rely on it for purposes of asserting a state-law consumer claim.").

Plaintiff's warranty claims fail because Plaintiff did not provide Price Chopper with the requisite notice.  *See Petrosino v. Stearn's Prod., Inc.*, 2018 WL 1614349, at *8 (S.D.N.Y. Mar. 30, 2018) (Román, J.) ("Proper factual allegations should, at least, include the date and method by which Plaintiff afforded such notice to Defendant.").  In addition, Plaintiff's implied warranty claim must be dismissed because she fails to plead the  Product was not merchantable, *i.e.*, unfit for human consumption.   *See Silva v. Smucker Nat. Foods, Inc.*, 2015 WL 5360022, at *11 (E.D.N.Y. Sept. 14, 2015).  And the MMWA claim cannot survive, as courts hold that on-pack labeling claims are "product descriptions" and not warranties under the MMWA.   *See Chufen Chen v. Dunkin' Brands, Inc.*, 2018 WL 9346682, at *6 (E.D.N.Y. Sept. 17, 2018).  In addition, an MMWA claim must be dismissed when a plaintiff's state law claims are also dismissed.   *See In re GM LLC Ignition Switch Litig.*, 2016 WL 3920353, at *18 (S.D.N.Y. July 15, 2016).

Plaintiff's fraud claims also fail.  As with her GBL claims, Plaintiff cannot allege the requisite injury, because Price Chopper does not charge a premium for its vanilla almond milk. *See Small*, 94 N.Y. 2d at 57.  In addition, Plaintiff has not pled her claim with the particularity required under Rule 9(b), as she does not allege the time, place, or specific price at which she purchased the Product.  *See Rombach v. Chang*, 355 F.3d 164, 170 (2d Cir. 2004).  Plaintiff's scienter allegations (Compl. ¶ 136) are similarly lacking.  *See Hesse v. Godiva Chocolatier, Inc.*, 2020 WL 2793014, at *11 (S.D.N.Y. May 29, 2020) (holding similar allegations insufficient).

Plaintiff's unjust enrichment claim should be dismissed because it is duplicative of her other claims and she has an adequate remedy at law.  *See Corsello v. Verizon N.Y., Inc.*, 18 N.Y.3d 777, 1185 (N.Y. 2012) ("[a]n unjust enrichment claim is not available where it simply duplicates, or replaces, a conventional contract or tort claim"); *Fed. Treasury Enter. Sojuzplodoimport v. Spirits Int'l N.V.*, 400 F. App'x 611, 613 (2d Cir. 2010) (unjust enrichment "unavailable where an adequate remedy at law exists").

3. Once the named Plaintiff's claims are dismissed, the entire case must be.  *See In re Citigroup Auction Rate Sec. Litig.*, 700 F. Supp. 2d 294, 308 (S.D.N.Y. 2009).  In addition, Plaintiff cannot bring GBL claims for out-of-state class members, because "the deception of a consumer must occur in New York."  *Kaufman v. Sirius XM Radio, Inc.*, 474 F. App'x 5, 7 (2d Cir. 2012).  To the extent Plaintiff seeks a nationwide class on the remaining claims, the laws of 50 states are too disparate to form a single class.  *See, e.g.*, *Lewis Tree Serv., Inc. v. Lucent Techs. Inc.*, 211 F.R.D. 228, 236 (S.D.N.Y. 2002) ("common law of fraud is materially different in the fifty states" and "class certification for fraud claims is inappropriate").

Sincerely,

/s/ Steven Rosenbaum

Steven Rosenbaum